UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

UNITED STATES OF AMERICA,

                    Petitioner,

            v.

any and all funds on deposit in Bank of America account number 004836378025, held in the name of Giselle Matarazzo;

any and all funds on deposit in Bank of America account number 229041826024, held in the name of Giselle Matarazzo and Michelle Maratazzo; and

any and all funds on deposit in Bank of America account number 229038986854, held in the name of The Kingston Ibonnet Matarazzo Revocable Trust Giselle Matarazzo Trtee;

                  Defendants-in-rem.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2015

14 Civ. 1928 (TPG)

**OPINION**

The Government moves to strike the claim of Glenda Gutierrez ("Gutierrez") to two of the bank accounts at issue in this *in rem* action. Because Gutierrez lacks standing to pursue her claim, the Government's motion is granted.

## BACKGROUND

On March 19, 2014, the Government filed a Verified Complaint alleging that funds on deposit in three bank accounts are forfeitable to the United States pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881. (Dkt. No. 2.) Specifically, the Government seeks forfeiture of any and all funds on deposit in three accounts at Bank of America: (1) any and all funds on deposit in Bank

of America account number 004836378025, held in the name of Giselle Matarazzo (the "8025 Account"); (2) any and all funds on deposit in Bank of America account number 229041826024, held in the name of Giselle Matarazzo and Michelle Maratazzo; and (3) any and all funds on deposit in Bank of America account number 229038986854, held in the name of The Kingston Ibonnet Matarazzo Revocable Trust Giselle Matarazzo Trtee (the "6854 Account"). The Government claims that these accounts are allegedly subject to forfeiture because they contain funds derived from or traceable to narcotics offenses, or constitute property involved in illegal money laundering transactions.

On May 20, 2014, the Government commenced publication of the forfeiture proceeding. The publication notice provided that any person claiming an interest in the accounts at issue was required to file a petition within 60 days from the first day of the publication of the notice, or no later than 35 days from the mailing of the actual notice, whichever was earlier.

A June 25, 2014 letter from the Government advised Gutierrez that the Government had commenced a civil forfeiture action with respect to the accounts at issue in this case. The letter advised Gutierrez that, if she wished to contest the forfeiture, she needed both to file a claim no later than 35 dates after the date of the letter, *and* to file an answer or motion no later than 21 days after filing a claim.

On July 30, 2014, Gutierrez filed a claim, styled as an "Affirmation in Response," in which she asserted an interest in the 8025 Account and the 6854 Account. (Dkt. No. 3.) Gutierrez's claimed interest derives from "unpaid child support obligations" owed to her. Gutierrez's affirmation did not admit or deny any of the allegations in the Verified Complaint, and did not present any affirmative defenses. Nor did Gutierrez file any answer or motion after filing her "Affirmation in Response."

## DISCUSSION

"'In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court.'" *See United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, No. 98 CIV. 2279, 2011 WL 1045095, at *2 (S.D.N.Y. Mar. 11, 2011). (quoting *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999)). To establish statutory standing in an *in rem* civil forfeiture action, "strict compliance" with the procedural requirements of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supp. R.") is typically required. *Id.* "Courts routinely strike claims in federal forfeiture actions where a claimant fails to comply with the deadlines provided by the Forfeiture Rules." *United States v. $541,395.06 U.S. Currency*, No. 10 Civ. 6555, 2012 WL 3614294, at *3 (W.D.N.Y. Aug. 21, 2012); *see also 479 Tamarind Drive, Hallendale, Fla.*, 2011 WL 1045095, at *3 ("It is not an abuse of discretion for a district court to refuse to allow claimants to avoid the requirements of Supp. R. G.") (internal citations omitted).

As relevant here, Rule (G)(5)(B) provides:

> A claimant must serve and file an answer to the complaint or a motion under Rule 12 [of the Federal Rules of Civil Procedure] within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Supp. R. G(5)(b). When a claimant fails to file an answer within 21 days after filing a claim, she does not have statutory standing to bring a claim. *See 479 Tamarind Drive, Hallendale, Fla.*, 2011 WL 1045095, at *1 (collecting cases). The "proper remedy for a claim or answer that does

not comply with the pleading requirements is to strike the filing." *United States v. $10,160.00 in U.S. Currency*, No. 11 Civ. 1612, 2012 WL 3608578, at *2 (D. Conn. Aug. 22, 2012).

Here, Gutierrez's claimed interest derives from "unpaid child support obligations" owed to her by Omar Ibonnet. She claims an interest in the 8025 Account and 6854 Account[1] because Mr. Ibonnet may have had holdings in these accounts. But even if this type of interest satisfied her burden for constitutional standing, Gutierrez's failure to file an answer deprives her of statutory standing to pursue her claim.

Gutierrez received a letter, dated June 25, 2014, which clearly set out the deadlines and requirements of the Supplemental Rules, including the requirement that "[a]n answer or motion must be filed no later than twenty one (21) days after filing a claim." (Dkt. No. 3 at 3.) Gutierrez undoubtedly received this letter, as she attaches it as an exhibit to her claim, filed with the court on July 30, 2014. Nevertheless, rather than complying with the requirements of the Supplemental Rules and filing an answer no later than 21 days after filing her claim, Gutierrez has failed to file any answer.

Even if "strict compliance" with Rule G were not expected, the fact remains that over a year has passed since Gutierrez's answer was due. Gutierrez has also failed to oppose the instant motion to strike, and has further failed to provide the court with any explanation of mitigating factors to excuse a late filing—let alone a filing that is more than one year late. Gutierrez's total failure to comply with the requirements of the Supplemental Rules deprives her of statutory standing.

---

[1] Gutierrez's affirmation list the account number as ending in 6654 rather than 6854. This appears to be a typographical error.

4

On this record, the Government's motion to strike is granted. The Clerk of Court is directed to close the motion listed as item 7 on the docket.

SO ORDERED.

Dated: New York, New York
September 3, 2015

THOMAS P. GRIESA
U.S. District Judge